HAY *vs.* WARREN and others.

The wife who has not been divorced, or legally separated from her husband, cannot file a bill in her own name against a former committee of her husband, for an account of the property of the latter, and for the support of herself and children out of such property; although the husband has abandoned her and left the state.

THE bill in this case was filed by the complainant, the February 16. wife of A. Hay, against the surviving committee of her husband, and also against the executors of S. Brown, deceased, who had also been one of such committee. It appeared by the bill that in May, 1825, a commission of lunacy had been issued against A. Hay, the husband, by the equity court of the fourth circuit, upon which he was found a lunatic, and that a committee had been appointed, in the usual form, of his person and estate. About two years afterwards Hay made an application to discharge the committee, and to have his property restored to him, which was so far granted as to suspend the powers of the committee, and to require them to account before a master; upon which accounting a small balance was found due to Brown, one of the committee. The bill charged that Hay had been a confirmed and habitual drunkard, from the time of the institution of the proceedings in lunacy against him to the period of filing this bill, and that the proceedings to pass the accounts of the committee were entirely ex parte; Hay being incapable of understanding and protecting his rights in relation to his property and to the accounts. The complainant further charged, that the inventory and account of the committee were false and fraudulent, and that Brown, one of the committee, received a much larger amount of property than he accounted for before the master; that the committee, as well as Hay, the husband of the complainant, had neglected to provide the necessary means for her support and the support of her children; and that in 1834, the husband left his family without any

means of support and went to Illinois, since which time he had not been heard of by the complainant. The bill prayed that Warren, the surviving committee, and the executors of Brown, might be decreed to pay to the complainant, out of the property and effects of her husband, a reasonable sum for the support of herself and her children, and that they might be decreed to account for such property and effects; and for general relief.

To this bill the defendants demurred, upon the ground that the complainant showed no legal or equitable right to open the accounts between her husband and the committee; that the passing of the accounts before the master was conclusive upon the rights of the parties; that the lapse of time and the death of one of the committee was a bar to the relief sought; and that the complainant showed no right to sustain her bill, nor had she stated such a case as to entitle her to any relief against the defendants or either of them.

*B. F. Agan*, for complainant. The complainant is legally entitled to a support and maintenance out of the property of her husband in the hands of the committee. The bill is filed to obtain this support. It is not necessary that the complainant should have appeared by prochein ami. An appearance by prochein ami is required only in suits instituted for the recovery of a separate estate. (*Cooper's Eq.* 204. 6 *John. Ch. Rep.* 180.) The complainant has a right to have the accounts of the committee opened. Fraud and corruption always constitute a good ground for opening an account at any time, although the same may have been settled by the parties. (1 *John. Ch. Rep.* 506. 1 *McCord's Ch.* 161. 10 *Price's Rep.* 62. 2 *Atkins*, 113, 119. 3 *Brown's Ch. Cas.* 633, 646. 2 *Id.* 280, 305. 2 *Cooper's Eq. Pl.* 279. 9 *Pick.* 212.) An averment of fraud is not necessary. If it appear from the face of the bill it is sufficient. (1 *Maddock's Ch.* 81, 82. 11 *Coke*, 98. 1 *John. Ch. R.* 550.) Suspicious circumstances creating an inference of fraud, is a cause for opening

accounts. The bill alleges that the inventory, and the account of the property received by the committee, are false and fraudulent. This court has jurisdiction in all cases of alimony, and will decree an investigation of accounts notwithstanding any lapse of time, where there is fraud or undue influence, or an ex parte settlement has been had. (4 *Dessaus.* 79. 1 *McCord's Ch.* 205. *Forrester*, 63. 3 *Brown's Ch. Cas.* 633. *Douglass*, 655.) The equity of the case is with the complainant, the committee having corruptly and fraudulently converted the trust estate to their own use.

*C. Stevens*, for the defendants. The passing of the accounts of the committee of Hay, was and is final and conclusive upon the parties to that accounting, and is a full and complete bar to all the relief now sought in this court by the complainant. (*Blunt* v. *Darrach*, 4 *Wash. C. C. R.* 657. *Davoue* v. *Fanning*, 4 *John. Ch. R.* 199.) Where a party seeks to open a stated and settled account, if he sets up the account in his bill, he is bound to point out specifically wherein the account is erroneous, or the defendant may demur. A general charge in the bill that the account is false and fraudulent, is not sufficient. (*Story's Eq. Pl.* 616, sec. 800. *Bullock* v. *Boyd*, 2 *Edw. V. C. R.* 293. *Wilde* v. *Jenkins et al.* 4 *Paige's Rep.* 481.) The accounts of a committee or other person will not be opened, where they have been duly passed and settled before a master, upon a mere allegation without proof, that the accounts thus passed and settled are false and fraudulent; especially after the lapse of fourteen years, and the death of the principal accounting party. (*Kane* v. *Bloodgood*, 7 *John. Ch. R.* 90. *Rayner* v. *Pearsall*, 3 *Id.* 578 *to* 586. *Start* v. *Mellish*, 2 *Atk. R.* 610. *Jeremy's Eq.* 546, 7, ed. of 1830. *Bertine* v. *Varian*, 1 *Edw. Ch. R.* 343, *Chalmers* v. *Bradley*, 1 *Jac. & Walk.* 63. *Kingsland* v. *Roberts*, 2 *Paige*, 193. *Moores* v. *White*, 6 *John. Ch. R.* 360.) The defendants can avail themselves of this objection on demurrer to the bill. (*Wisner* v. *Barrett*, 4 *Wash.*

C. C. R. 631. *Hoare* v. *Peck*, 6 *Sim. R.* 51.) The lapse of time in the case now before the court, would have been a good bar to the relief asked for by the complainant in her bill, if the defendants had pleaded it. And where the facts, which constitute a good plea to the relief, appear upon the face of the bill, the defendants may demur. (*Story's Eq. Pl.* 353, sec. 449. *Mitford's Pl.* 216, 277.) The bill shows no right, legal or equitable, in the complainant, to open the accounts between the committee and Hay, the husband of the complainant. The defendants named in the bill are not the trustees of the complainant, and are not in any manner, either at law or in equity, liable to account to her. Their liability, if they are liable at all, is to Hay, the husband of the complainant. It appears by the bill that the husband is a feme covert. If she had any right, she cannot enforce it in her own name. She should have sued by her next friend.

THE CHANCELLOR. The demurrer in this case is well taken ; as this court has no jurisdiction or power to call the defendants to account for the property of Hay, upon a bill filed by his wife, to which he is not a party. In the case of *Haviland* v. *Bloom and Myers*, (6 *John. Ch. Rep.* 178,) the wife had obtained a decree of divorce *a mensa et thoro*, and a decree that she should hold and enjoy her paternal inheritance for the support of herself and her children. The suit instituted against the defendants in that case by the wife, by her next friend, was therefore a suit to protect her own separate property, which had been made so by the decree against her husband ; as to which property she had a right to bring a suit in her own name, without the consent of her husband.

There is not sufficient stated in this bill to enable me to form an opinion whether the committee were absolutely discharged from their trust, and the lunatic so far restored to his former rights over the property as to make the accounting before the master final and conclusive ; and to divest the equity court of all further jurisdiction over the person or estate of the lunatic without the necessity of ta-

king out a new commission where he now resides. It is sufficient to dispose of the question now before me, to say that this bill is defective both in form and substance. Although it is not stated as one of the grounds of demurrer that the bill is filed by a feme covert in her own name, that objection might have been urged *ore tenus,* if the bill was not otherwise defective in being filed by one who is not authorized to call the defendants to account by bill, in any form, to which her husband is not a party.

The demurrer must therefore be allowed, and the bill dismissed.